IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAWN KENNELLY,

    Petitioner,

v.                                              CASE NO. 3:15-cv-470-MCR-GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

This case is before the Court on the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 1. Respondent has filed a response and appendix with relevant portions of the state-court record. ECF No. 17. Petitioner has filed a reply. ECF No. 19. The Petition is therefore ripe for review. Upon due consideration of the Petition, response, state-court record, and reply, the undersigned recommends that the petition be denied.[1]

---

[1] The Court has determined that an evidentiary hearing is not warranted because the Court may resolve the Petition on the basis of the record. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

## **State-Court Proceedings**

Petitioner was charged on September 8, 2010, with drug trafficking, resisting an officer without violence, and possession of a controlled substance. Ex. A at 15. On February 7, 2011, Petitioner entered a plea and was sentenced to fifteen years in prison for drug trafficking and time-served for the other charges. Ex. A at 32–38, 47–64.

Relevant to the instant petition, Petitioner filed a post-conviction motion under Rule 3.850 on October 8, 2014, alleging the existence of newly discovered evidence. Ex. D at 4–9. The court struck the motion as facially insufficient and granted Petitioner leave to file an amended motion. Ex. D at 14–17. Petitioner amended the motion, and the court denied the amended motion on May 14, 2015. Ex. D at 64–80. Petitioner appealed, and the First DCA *per curiam* affirmed on September 2, 2015. Ex. F. The mandate followed on September 29, 2015. Ex. G.

Petitioner then filed her petition on October 20, 2015. ECF No. 1.

## **Scope of Federal Habeas Review**

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion. 28 U.S.C. §§ 2254(b)(1), (c). Exhaustion requires that prisoners give the state

courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id.* at 1302, 1306.

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. *Williams v. Taylor*, 529 U.S. 362, 403–04 (2000). Under section 2254(a), federal courts "shall

entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Additionally, federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

The Supreme Court has interpreted § 2254(d) as requiring that "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). "[A]n 'unreasonable application' of [Supreme Court] holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *Woodall*, 134 S.Ct. at 1702. In other words, Petitioner must establish that no fairminded jurist would have reached the

Florida court's conclusion.  *See Richter*, 562 U.S. at 102–03; *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257–58 (11th Cir.2012). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

## Discussion

Petitioner raises one ground for relief based on "newly discovered evidence." Specifically, Petitioner says that her Sixth Amendment rights were violated because the Florida Department of Law Enforcement ("FDLE") analyst, Mr. Joseph Graves—the supervisor at the FDLE lab where the testing and weighing of drugs in Petitioner's case occurred—was later charged with tampering with and fabricating physical evidence related to exhibits submitted to the FDLE for testing. As a result, Plaintiff asserts that "a conviction for trafficking should not stand where it is probable that the evidence used has been tampered with." ECF No. 1 at 4–5.

Respondent argues that this claim is unexhausted because although Petitioner raised these same facts in her Rule 3.850 motion, she did not frame her state-court claim as a violation of her Sixth Amendment rights. According to Respondent, "[t]he closest Petitioner came to [raising the claim in state court] was a claim that she would not have entered a plea if she had known the newly discovered evidence," which Respondent says "is

a far cry from her current claim in which she makes no allegations regarding her plea." ECF No. 17 at 7–11.

In Petitioner's amended motion for post-conviction relief under Rule 3.850, Petitioner raises a similar claim regarding the existence of newly discovered evidence: "FDLE analyst who oversaw testing and weight of hydrocodone in Defendant's case has been charged with tampering with or fabricating physical evidence to exhibits submitted to FDLE lab for testing." Ex. D at 66. However, Petitioner fails to argue in her post-conviction motion that there was a violation of any of her constitutional rights, and she makes no reference to the Sixth Amendment. Rather, she simply argues that "she would not have entered into a negotiated plea bargain had she known about this newly discovered evidence and instead would have proceeded to jury trial." Ex. D at 68.

As discussed above, to properly exhaust a claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin*, 541 U.S. at 29.  Further, "for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to

relief." *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996); *see also Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007) (finding that the petitioner failed to exhaust his claim because "he did not assert [the] claim as a matter of federal law").

Because Petitioner failed in her state post-conviction motion to reference a specific federal constitutional guarantee and failed to assert the claim as a matter of federal law, Petitioner's claim is unexhausted. Further, since Petitioner's claim is now procedurally barred under state law, the claim is procedurally defaulted. *See Bailey*, 172 F.3d at 1303.

A procedurally defaulted claim can support federal habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice for the default. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). To show prejudice, the petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

Second, the petitioner may show that enforcing the procedural default would result in a fundamental miscarriage of justice. *Mize*, 532 F.3d at 1190. To show a fundamental miscarriage of justice, the petitioner must show that in light of new evidence, no reasonable juror would have convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner has not provided any explanation for her failure to present her allegations regarding a violation of her Sixth Amendment rights to the state courts. Instead, she says that "it should have been inferred based upon the facts presented in the ground where tampering with evidence in any case is a violation of the Sixth Amendment." ECF No. 19 at 3. But Petitioner's insistence that the state court should have inferred something from her motion that she did not expressly state fails to show cause for her failure to exhaust her federal claim. The Court therefore need not proceed to the issue of prejudice. *See Ward v. Hall*, 592 F.3d 1144 (11th Cir. 2010) ("It is well established that if the petitioner fails to show cause, we need not proceed to the issue of prejudice.").

Additionally, Petitioner has not established the existence of a fundamental miscarriage of justice. Although Petitioner argues that newly discovered evidence exists, Petitioner has failed to show that it is more likely than not that no reasonable jury would convict Petitioner of her

crimes. Notably, she has not shown (or offered any evidence) that the FDLE analyst was involved in the testing of evidence in her case, and the mere speculation that he might have been is woefully insufficient to show that Petitioner is actually innocent of the crimes. Since Petitioner has not made a colorable showing of actual innocence, Petitioner has provided no reason for this Court to consider her procedurally defaulted claims. *See Mize*, 532 F.3d at 1190.[1]

Alternatively, even assuming Petitioner had properly exhausted this claim or that her procedural default could be excused, Petitioner is not entitled to habeas relief because her claim is without merit.

In addressing this newly discovered evidence claim on post-conviction review, the state court found the following:

> In the instant motion, the defendant appears to allege a claim of newly discovered facts regarding a laboratory analyst who was previously employed by the Florida Department of Law Enforcement. In particular, the defendant alleges that "Joseph Graves . . . was arrested and charged with . . . grand theft of a controlled substance, tampering with and fabricating physical evidence related to exhibits submitted to FDLE for testing, and trafficking opium or opium derivatives." The defendant also alleges that "whether or not Joseph Graves was the actual analyst who worked on her case, he was the

---

[1] To the extent that Petitioner relies on *Kenyon* and *Beazley* to argue that she should be entitled to relief, her reliance on those cases is misguided. In those cases, Mr. Graves was the FDLE analyst who testified at their trials. Unlike those cases, there is no evidence that Mr. Graves was involved in Petitioner's case (in a supervisory role or otherwise), and the state-court record reveals that a different individual was the analyst regarding the evidence in Petitioner's case.

> supervisor and chemist at the FDLE and by virtue of his supervisory position he had full access to the prescription pills . . . ." Additionally, the defendant appears to allege that "this Court does not have sufficient knowledge to ascertain whether Graves['] conduct and surreptitious methodologies affected the evidence collected in her case or not."
>
> However, the instant motion is not facially sufficient. For example, the defendant does not demonstrate that the specified analyst actually worked on or tampered with any of the "prescription pills" in the instant case. The defendant does not establish a facially sufficient claim automatically merely because she states her conclusory belief that "this Court does not have sufficient knowledge to ascertain whether Graves['] conduct and surreptitious methodologies affected the evidence collected in her case or not." Indeed, such allegation appears to overlook the requirement that the *defendant* bears the burden of demonstrating a prima facie claim of newly discovered facts. In any event, the defendant's allegation is refuted by record documents indicating a different FDLE laboratory analyst was involved in the instant case. The defendant also does not show that "Joseph Graves" was supervising the particular FDLE laboratory analyst who actually was involved in the instant case. Considering such information, the defendant does not demonstrate newly discovered evidence exists of a nature that would probably produce acquittal or retrial. Therefore, the instant motion is denied.

Ex. D at 78–79 (footnotes omitted). The First DCA *per curiam* affirmed. Exs. F, G.

As the circuit court explained, Petitioner failed to meet the requirements for stating a claim for newly discovered evidence. The fact that Mr. Graves had a supervisory role at the lab is insufficient to show that he supervised the work done in her case or that he tampered with or

fabricated evidence in her case.[2] Most notably, the record reflects that a different analyst was responsible for the testing in her case. Therefore, Petitioner has failed to show that the "newly discovered evidence" would have had any effect on the outcome of her case, which is magnified by the fact that she stipulated to the factual basis for the charges in this case when she entered her plea. Ex. D at 98–99.

The Court, therefore, concludes that the state court's decision was not contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court nor was the decision based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Thus, Petitioner is not entitled to federal habeas relief.

## **Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court

---

[2] The fact that Mr. Graves, as supervisor of the FDLE lab, *may* have had access to the evidence in Petitioner's case is insufficient to constitute newly discovered evidence that would plausibly lead to a different result in Petitioner's case.

issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Petition for Writ of Habeas Corpus, ECF No. 1, should be **DENIED**, and that a certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 24th day of August 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.